**Leatha L. JOY, Appellant,**

v.

**Taylor PRICE et al., Appellees.**

**Clyde TAYLOR, Jr., Appellant,**

v.

**Taylor PRICE et al., Appellees.**

Court of Appeals of Kentucky.

June 28, 1968.

W. W. Burchett, Prestonsburg, for Leatha L. Joy.

Joe Hobson, Prestonsburg, for Clyde Taylor, Jr.

Clifford B. Latta, Prestonsburg, for Taylor and Alta Price.

DAVIS, Commissioner.

The consolidated appeals before us must be dismissed for procedural defects in undertaking the appeals as a matter of right rather than by motion. KRS 21.060, 21.-080, RCA 1.180.

In order to focus attention on the problems at hand, it is necessary to briefly recite the origin of the litigation.

On February 28, 1967, Taylor Price and Alta Price filed complaint against Clyde Taylor, Jr., seeking to enjoin Taylor from interfering with the use of a claimed right of way over land owned by Taylor. The right of way was asserted to exist in favor of the "traveling public" as well as the plaintiffs. A prayer for damages in the sum of $3,000 was contained in the complaint.

Taylor filed his answer and counterclaim in which he denied that any right of way existed in favor of the Prices over Taylor's land and asked that they be enjoined from asserting any such right and prayed for damages in the sum of $4,000.

On April 27, 1967, the court rendered its judgment in which it was found, among other things, that neither plaintiffs nor defendant had established any claim for damages against the other. Taylor was enjoined from interfering with Prices' use of the road over Lots 47 and 69 of the John Allen Subdivision; the Prices were enjoined from using any part of Lot 46 of said subdivision for a roadway.

On May 2, 1967, Leatha L. Joy, who was the common grantor of the lots to the Prices and Taylor, moved for permission to intervene. The court set aside the judgment of April 27 and permitted her to intervene and assert her own rights. The substance of Mrs. Joy's prayer for relief was that she should be permitted to continue to use a roadway that had existed

partly on Lot 46 and partly on Lot 47 at the time Taylor acquired the property. She sought an injunction to that end, but asked for no damages.

After hearing additional evidence and considering the evidence heard at the first hearing, the court entered another judgment on June 8, 1967, in which Taylor was enjoined from interfering with the use of the road over Lots 47 and 69; the Prices were again enjoined from using any part of Lot 46; and Mrs. Joy was denied the right to use any part of Lot 46 for the roadway.

Thereafter Mrs. Joy tendered an amended intervening complaint asking for reformation of the deed by which she had granted the lots to Taylor. The court entered a third judgment on July 15, 1967, reiterating its earlier findings and denying the reformation of the deed which Mrs. Joy had sought. This judgment contains the following sentence: "The amount in controversy in this action is less than Two Thousand ($2,000.00) Dollars."

Mrs. Joy filed a notice of appeal from the judgment entered on July 15, 1967, and Taylor filed notice of appeal from the judgment entered June 8, 1967. No appeal in behalf of Price has been undertaken, but Price is an appellee in Taylor's appeal.

Although Taylor counterclaimed for damages against Price in the sum of $4,000, that claim is not prosecuted on the appeal. The only relief sought in Taylor's behalf is (1) reversal of the June 8 judgment insofar as it permits usage by the Prices of a roadway over Lot 47 and (2) that the judgment dismissing the complaint of Mrs. Joy be affirmed. In face of the affirmative statement of the trial court that less than $2,000 was involved in the entire controversy, the litigants failed to interpose any objection to the court's finding and proceeded to undertake appeals as a matter of right. Each of the appellants sought to bypass the statement in the judgment by asserting in their respective state-

ments of appeal that the amount in controversy is an intangible right which is not translatable into monetary value. These assertions in the statements of appeal do not serve to refute the contrary findings recorded in the judgments appealed from. Although some of the parties had pleaded claims for damages in excess of $2500, the court found from the evidence before it that no such claims for damages had been proven. In light of this situation, neither of the appellants could proceed to appeal as a matter of right. KRS 21.060. See Hargis v. Dumbacher, Ky., 293 S.W.2d 637; Richards v. Com. ex rel. Department of Highways, Ky., 332 S.W.2d 629.

It is not amiss to note that our review of the record leaves us with the definite impression that the judgments of the trial court would have been affirmed had the appeals been properly prosecuted.

It is ordered that the appeals in each of the above-captioned cases be dismissed.

All concur.